**KLEMP CORPORATION, Appellant,**

v.

**J. B. THOMPSON, Individually and d/b/a the H. L. Thompson Company, Appellee.**

No. 4440.

Court of Civil Appeals of Texas.

Waco.

April 14, 1966.

Rehearing Denied May 5, 1966.

Dow, Dow, Cogburn & Dow, Edmund L. Cogburn, Houston, for appellant.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendant Klemp from a judgment for plaintiff Thompson, in a suit for commission (based on breach of exclusive sales agency contract) on aluminum grillwork sold by Klemp for the Humble garage in Houston; and for profit losses due to defendant's failure to fill purchase orders for materials (not related to the Humble job).

Plaintiff is a manufacturer's representative in Houston. Defendant is a manufacturer of metal gratings used in building construction. Plaintiff had represented defendant as distributor and agent for a number of years. In early 1960 defendant perfected an aluminum grillwork called ANOTEC. Plaintiff and defendant negotiated for the sale of Anotec by plaintiff; and plaintiff commenced selling Anotec for defendant, receiving a 10% commission on sales. In 1960 plaintiff learned of the Humble garage to be built in Houston, and commenced work to promote the use of Anotec on such building. Defendant thereafter requested plaintiff to cease his efforts on the Humble job and let Klemp handle it. Plaintiff complied after being assured by the president of Klemp that "you will be taken care of; you will be protected"; and: Q. "Did he reassure you that your commission would be paid?" Ans. "Yes sir." Defendant thereafter sold $89,179.50 worth of Anotec for the Humble job through an Al Grossman of Architectural Sales, Inc. On September 12, 1962 Klemp advised plaintiff by letter: "Enclosed please find credit memo in amount of $1000 as commission against the Humble Oil job. I am pleased that you are able to participate to some extent with us in spite of the fact that the job was handled and closed by Grossman in California * * *. After the application of the $1000 commission against your account, there is $1473.79 currently due us at this time."

Plaintiff thereafter filed suit against defendant, alleging he was exclusive sales agent for Anotec for Houston and Harris

County, and seeking 10% commission on the sale of Anotec for the Humble garage job; plaintiff further alleged that defendant failed to fill purchase orders in various other transactions resulting in loss of profit to plaintiff, and sought recovery of resulting profit losses.

Trial was to a jury which found:

1) The price for Anotec used on the Humble Garage Building in Houston was $90,000.

2) On or about March 6, 1960 plaintiff and defendant agreed that plaintiff was to be exclusive sales agent for defendant in the sale of Anotec in Houston, Harris County, Texas.

3) Plaintiff and defendant agreed that from all sales of Anotec in Houston, Harris County, plaintiff would be paid a commission of 10% of defendant's price.

4) Plaintiff was not the producing cause for the sale of Anotec for the Humble Garage.

5) Architectural Sales in executing the contract for the sale of Anotec on the Humble Garage building was acting as agent of Klemp.

6) Plaintiff expended time, labor, services, expenses, and effort in connection with the sale of Anotec on the Humble Garage job.

7) Klemp used to its benefit the time, labor, services, etc. furnished by plaintiff in connection with the sale of Anotec for the Humble job.

8) Defendant knew plaintiff furnished such time, labor, services, etc. expecting to be compensated therefor.

9) $4500 is the reasonable value of the time, labor, services, etc. furnished by plaintiff in securing the sale of Anotec used on the Humble Garage.

10) Plaintiff did not accept the $1000 credit in full satisfaction of his claim for commission on such sale.

11) At the time Thompson received the $1000 credit from Klemp, there was not a bona fide dispute over plaintiff's right to commission on the sale of Anotec for the Humble job.

12) In the agreement whereby Klemp was to fabricate materials for delivery to Thompson, time of delivery was an essential part of the agreement.

13) Klemp in failing to deliver the materials to Thompson breached its agreement.

14) Thompson sustained $1824.24 loss of profits as a result of the breach of agreement to deliver materials.

The trial court entered judgment on the verdict that Thompson recover $7919.75 ($8919.75 less the $1000 paid) commission on the Humble Garage; together with $1824.42 for loss of profits sustained as result of breach of agreement by Klemp to deliver materials; plus $1000 for attorneys' fees. The trial court further entered judgment for Klemp against Thompson for $7096.02 which Thompson agreed he owed to Klemp; plus $600 for attorneys' fees, (resulting in net judgment for plaintiff of $3148.15).

Defendant appeals on 15 points, contending:

1) There is no evidence, or insufficient evidence to support the jury's findings 2, 3, and 5, and the findings are against the overwhelming weight and preponderance of the evidence.

2) The trial court should have disregarded findings 10 and 11 as the evidence conclusively shows that plaintiff accepted the $1000 in full satisfaction for his claim for commission; and findings 10 and 11 are contrary

to the overwhelming weight and preponderance of the evidence.

3) The trial court erred in allowing plaintiff attorneys' fees, because plaintiff's claim was a claim for damages for breach of contract, and not for personal services, and attorneys' fees are precluded under Article 2226 V.A.T.S.

4) There is no evidence, or insufficient evidence, to support finding 12.

5) Issues 12, 13 and 14 constitute global and multifarious submission of several controlling issues, and therefore constitute a general charge.

■ Defendant's 1st contention is that there is no evidence, or insufficient evidence, to support the jury's findings to issues 2, 3, and 5.

Finding 2 was that plaintiff and defendant had agreed that plaintiff was to be exclusive sales agent for defendant in the sale of Anotec in Houston; finding 3 was that plaintiff and defendant agreed that plaintiff would be paid a 10% commission on all sales of Anotec in Houston.

Plaintiff testified that defendant's sales manager Gregori orally appointed him defendant's exclusive agent for the Southern part of Texas and provided that plaintiff would receive a 10% commission on all sales in the territory; the letter of March 3, 1960 from Klemp to plaintiff while not specifically appointing plaintiff an *exclusive* agent, states: "All of our prices include a 10% commission for your office"; Klemp wrote a great number of letters to prospective purchasers of Anotec, that plaintiff was its representative "in your area of Texas"; there is in evidence a letter on Klemp's letterhead, to plaintiff, and signed "Klemp's International, Jacquelyn Bonds, Secretary", which states that Mr. Gregori, Manager. advises that plaintiff "was our exclusive agent for the State of Texas." We think findings 2 and 3 supported by ample evi-

dence, and that such findings are not against the great weight and preponderance of the evidence.

■ In any event plaintiff was entitled to commission on the Humble job. It is undisputed that plaintiff was a sales agent for defendant for Anotec and entitled to 10% commission on all sales he made; that plaintiff learned of the Humble job; made efforts to sell Anotec for such job; advised defendant of the job and was requested by defendant to cease efforts on such job and let Klemp handle it; and that plaintiff complied after being assured by defendant's President, that plaintiff's commission would be paid if Klemp sold Anotec for the job.

■ Finding 5 is that Architectural Sales in executing the contract for the sale of Anotec for the Humble job was acting as agent for Klemp. Voluminous correspondence from Grossman of Architectural Sales to Klemp is on Klemp's letterhead designated "Inter office correspondence"; and there is evidence from which it could be concluded that Grossman was an employee of Klemp. Moreover, Klemp was required to release its lien rights, on the conclusion of the Humble job. If Architectural Sales had purchased the Anotec from Klemp as contended by Klemp, then Architectural Sales was the proper party to execute release of lien for the Anotec installed on the Humble job.

The evidence is ample to sustain finding 5.

■ Defendant's 2nd contention is the evidence conclusively shows plaintiff accepted the $1000 in full satisfaction of his claim for commission. Issue 10 found plaintiff did not accept the $1000 credit in full satisfaction of his claim for commission on the Humble job; and Issue 11 found that at the time of receiving the $1000 credit from Klemp there was not a bona fide dispute over plaintiff's right to a commission.

On September 12, 1962 defendant applied a credit of $1000 to plaintiff's account, and advised plaintiff it was "as commission *against* the Humble Oil job."

Plaintiff did not know what amount was owed him on the Humble job.

■■■ The burden of proof of an accord and satisfaction rests on the party alleging it as a defense. A definite offer, and unconditional acceptance and performance must be shown. The party who asserts a liquidated claim was discharged by an accord and satisfaction has the burden of alleging and proving the existence of a bona fide dispute over the claim, and must support their contention by sufficient evidence. 1 Tex.Jur.2d 244, 245. Here there is no evidence of plaintiff's acceptance of the $1000 credit as a compromise. There is no evidence that the tender of the $1000 credit was ever offered to plaintiff "in full settlement." In fact plaintiff did not even know the price defendant received for the Anotec on the Humble job, so as to compute his 10% commission. The answers to Issues 10 and 11 are supported by ample evidence, and are not against the great weight and preponderance of the evidence.

Defendant's 3rd contention is levelled at the trial court's allowance of attorneys' fees for plaintiff. Defendant contends plaintiff's recovery was for damages for breach of contract and not for personal services for which attorneys' fees are allowed by Article 2226 V.A.T.S. Article 2226 permits recovery of attorneys' fees in cases for claims for personal services rendered and labor done.

■■■ Statutes authorizing recovery of attorneys' fees are penal in character and are to be strictly construed. Van Zandt v. Ft. Worth Press, Tex.Sup.Ct., 359 S.W.2d 893; Panhandle Broadcasting Co. v. Cercy, Tex.Civ.App. (n. w. h.) 363 S.W.2d 792. While plaintiff rendered service and effort, his recovery was based upon a breach of contract rather than for commission for making the sale. In fact defendant agreed to pay plaintiff his commission if he would *cease* his efforts and let Klemp handle the matter itself. See Panhandle Broadcasting Co. v. Cercy, supra. The contention is sustained.

■■■ Defendant's contention 4 is that there is no evidence or insufficient evidence to support finding 12; and contention 5 is that Issues 12, 13 and 14 constitute global and multifarious submissions of several controlling issues and therefore constituted a general charge. The issues involved several purchase orders and it is defendant's contention it was entitled to separate submissions on each transaction.

■■■ Issues 12, 13 and 14 found that in Klemp's agreement to fabricate materials for delivery to Thompson, time of delivery was an essential part of the agreement, which Klemp breached, to plaintiff's damage of $1824.24.

We think the evidence ample to sustain finding 12; and that such issues were not multifarious and global. Issues 12, 13 and 14 are controlling issues as required by Rule 279, Texas Rules of Civil Procedure. The contention is overruled.

The judgment is reformed, setting aside plaintiff's recovery of $1000 attorneys' fees, and as reformed is affirmed. Costs of appeal are adjudged ½ against appellant and ½ against appellee.

Reformed and affirmed.