NO. 07-06-0205-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 8, 2007


 ______________________________



VAUGHN EXCAVATING AND CONSTRUCTION, INC.


A/K/A VAUGHN CONCRETE PRODUCTS, INC., APPELLANT



V.



CENTERGAS FUELS, INC., APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF POTTER COUNTY;



NO. 92,923-1; HONORABLE W. F. CORKY ROBERTS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION


 Appellant, Vaughn Excavating and Construction, Inc. (Vaughn), appeals from a
judgment granted Centergas Fuels, Inc. after a bench trial in a suit on a sworn account for
fuel delivered to Vaughn. Appellant's sole contention is that it established the affirmative
defense of accord and satisfaction as a matter of law. We affirm.



Factual and Procedural Background


 By an open account arrangement, Vaughn had been buying diesel fuel from
Centergas and Centergas's predecessor, Signal, for a considerable period of time. In
November 2003, a 2003 Kenworth truck owned by Vaughn was allegedly damaged by
contaminated fuel furnished by Centergas. The repair cost for the Kenworth truck was
$8,732.95. Vaughn requested that Centergas pay the repair bills for the Kenworth,
however, there was never an agreement that Centergas would accept responsibility for the
repair cost and pay the bills. After the mechanical failure of the Kenworth truck, Centergas
delivered additional loads of fuel to Vaughn without any further claims or allegations of
contaminated fuel. By early 2004, the total outstanding amount on the open account was
$11,304.22. Vaughn sent a check for $2,571.27 with a notation on the check that cashing
the check acknowledged payment in full for all outstanding purchases up to the date of the
check. Additionally, the check was attached to Vaughn stationary that included a
statement that the check represented a deduction of $8,732.95 for the repair of the
Kenworth truck. Centergas negotiated the check and subsequently filed suit on the open
account for the balance of $8,732.95. Vaughn filed a general denial, alleged the
affirmative defense of accord and satisfaction and a counter claim alleging breach of
expressed and implied warranties. Trial was to the court and judgment was granted to
Centergas for $8,732.95 plus attorney fees, interest, and court costs. Additionally, the trial
court dismissed Vaughn's counterclaim. Findings of fact were filed by the trial court and
the pertinent finding was number 6, "Defendant has failed to prove, or Plaintiff has
negated, at least one element of each of Defendant's defenses and counterclaims." It is
this finding of fact that Vaughn attacks in its appeal. Vaughn contends that the evidence
established as a matter of law the affirmative defense of accord and satisfaction.

Standard of Review


 The trial court's fact findings are reviewed for legal and factual sufficiency the same
as a jury's answer to jury questions. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996) (per
curiam). Therefore, we will review the finding of fact under the legal sufficiency test. See
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When reviewing
a legal sufficiency challenge to a finding on an issue on which appellant has the burden of
proof, the reviewing court will examine the record for evidence that supports the finding,
while ignoring all contrary evidence. Id. If, upon review, there is no evidence to support
the finding, we will then examine the entire record to see if the contrary position is
established as a matter of law. Id. If the contrary position is established conclusively, we
will sustain the issue. Id.

Analysis


 Appellant's contention is that its claim for accord and satisfaction was pursuant to
section 3.311 of the Texas Business and Commerce Code. Tex. Bus. & Comm. Code Ann.
§ 3.311 (Vernon 2006). (1) As such, appellant has undertaken to prove that 1) the person in
good faith tendered an instrument to the claimant as full satisfaction of the claim; 2) the
amount of the claim was unliquidated or subject to a bona fide dispute; and 3) the claimant
obtained payment of the instrument. § 3.311(a). (2) 

 To review the bona fide dispute requirement, we turn to § 3.311(a)(2). There is no
question that the claim of Centergas was liquidated, therefore, there must be a bona fide
dispute for the affirmative defense of accord and satisfaction to apply. The next question
would be, what constitutes evidence of a bona fide dispute? The dispute must be as to the
claim. Klemp Corp. v. Thompson, 402 S.W.2d 257, 261 (Tex.App.-Waco 1966, no writ)
(emphasis added). Further, a comment to § 3.311 states that the section does not apply
to a liquidated amount not subject to a bona fide dispute. § 3.311 cmt. 4. In the current
situation, Vaughn claimed that the fuel was defective, yet the evidence at trial indicated
that Vaughn actually paid for the fuel he claimed was defective and did not dispute the
quality of the fuel nor the amount of the charges for the fuel that was the subject of the suit,
namely the fuel delivered after the discovery of the truck's mechanical problems. The
conclusion that the claimant's claim is not the subject of a bona fide dispute is further
buttressed by the following evidence adduced at trial. The mechanical failures suffered by
the Kenworth truck ceased after the installation of a locking fuel tank cap on the truck. In
addition, there was testimony about a Vaughn employee having a personal vendetta
against another employee, the implication being that the Kenworth truck was sabotaged
by the first Vaughn employee. Therefore, it appears the attempt at offset by way of accord
and satisfaction was not aimed at the claimant's action but was in fact more in the nature
of Vaughn's counterclaim which the trial court denied and about which Vaughn has not
complained. Accordingly, we cannot say there was no evidence to support the finding of
fact of the trial court. Therefore, we overrule Vaughn's contention.

Conclusion


 Having overruled Vaughn's sole issue, the judgment of the trial court is affirmed.




 Mackey K. Hancock

 Justice






 
1. References to Texas Business and Commerce Code will hereafter be by § __.
2. In the present case, there is no dispute that the claimant, Centergas, obtained
payment of the instrument. Although Centergas contests the good faith requirement, our
conclusion as to the issue of whether a bona fide dispute exists pretermits any discussion
of the good faith requirement.



ception Locked="false" Priority="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0477-CV

                                                   IN
THE COURT OF APPEALS

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

                                                                 AT
AMARILLO

                                                                      PANEL
E

                                                                  JULY
7, 2011

                                                ______________________________

In the Interest of B.Y., 

                                                A Child

                                                ___________________________

                      FROM THE 100TH DISTRICT
COURT OF DONLEY COUNTY;

                     NO. DFC-09-06665; HON. PHIL
N. VANDERPOOL, PRESIDING

                                               _______________________________

Order
for Appointment of New Counsel

_______________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Appellant
Latazha Youngblood Sanchez had her parental rights to
B.Y. terminated and has appealed from that order.  Her appointed counsel has filed a 
motion to withdraw, together with an Anders[2] brief wherein he certified
that, after diligently searching the record, he has concluded that the appeal
is without merit.  Along with his brief,
appellate counsel has attached a copy of a letter sent to appellant informing
her of her right to file a response pro
se.  By letter dated April 19, 2011,
this 
court also informed appellant of her right to tender her own response and set May
19, 2011, as the deadline to do so.  Appellant
filed a response on May 18, 2011.  

Appellate
counsel has noted in his brief that the termination order was signed on October
28, 2010, and that the statement of appellate issues was filed by trial counsel
on November 15, 2010, outside of the fifteen days required by statute.  See
Tex. Fam. Code Ann. §263.405(b)(2) (Vernon 2008).  Therefore,
any error that could be reviewed allegedly was waived.  Appellate counsel, then, discussed the legal
and factual sufficiency of the evidence to support the trial court's statutory
findings resulting in termination and the effectiveness of trial counsel.   

In In the Interest of J.O.A., 283 S.W.3d 336,
347 (Tex. 2009), the Texas Supreme Court affirmed this courts decision stating
an ineffective assistance of counsel claim raises due process concerns and
that section 263.405(i) of the
Family Code is unconstitutional to the extent it prevents a court
from considering those claims.  We find
it problematic when appellate counsel determines appellant received effective
assistance of counsel even though issues were waived because trial counsel
failed to timely file a motion for new trial or statement of points on appeal.

Accordingly,
the motion to withdraw of appellate counsel is granted, and the cause is abated
and remanded to the trial court for the appointment of new counsel.  The trial court shall further order the newly
appointed counsel to file an appellants brief, as per the Texas Rules of
Appellate Procedure, developing the aforementioned ground pertaining to the
effectiveness of counsel per In the
Interest of J.O.A., supra, and all other grounds that might support
reversal or modification of the judgment. 
The deadline for filing appellants brief with the clerk of this court
is August 30, 2011.  Any responding brief
which the State wishes to file shall be filed within thirty days after the
filing of appellants brief.  Finally,
the trial court shall cause the name, address, and state bar number of the
newly appointed counsel to be included in a supplemental clerks record, which
record shall be filed with the clerk of the court by August 1, 2011.

                                                            Per
Curiam 


 











[1]John T. Boyd, Senior Justice retired,
sitting by assignment.

 





[2]Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).