NO. 07-06-0205-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 8, 2007
_____

VAUGHN EXCAVATING AND CONSTRUCTION, INC.
A/K/A VAUGHN CONCRETE PRODUCTS, INC., APPELLANT

V.

CENTERGAS FUELS, INC., APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF POTTER COUNTY;

NO. 92,923-1; HONORABLE W. F. CORKY ROBERTS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Vaughn Excavating and Construction, Inc. (Vaughn), appeals from a judgment granted Centergas Fuels, Inc. after a bench trial in a suit on a sworn account for fuel delivered to Vaughn. Appellant's sole contention is that it established the affirmative defense of accord and satisfaction as a matter of law. We affirm.

## Factual and Procedural Background

By an open account arrangement, Vaughn had been buying diesel fuel from Centergas and Centergas's predecessor, Signal, for a considerable period of time. In November 2003, a 2003 Kenworth truck owned by Vaughn was allegedly damaged by contaminated fuel furnished by Centergas. The repair cost for the Kenworth truck was $8,732.95. Vaughn requested that Centergas pay the repair bills for the Kenworth, however, there was never an agreement that Centergas would accept responsibility for the repair cost and pay the bills. After the mechanical failure of the Kenworth truck, Centergas delivered additional loads of fuel to Vaughn without any further claims or allegations of contaminated fuel. By early 2004, the total outstanding amount on the open account was $11,304.22. Vaughn sent a check for $2,571.27 with a notation on the check that cashing the check acknowledged payment in full for all outstanding purchases up to the date of the check. Additionally, the check was attached to Vaughn stationary that included a statement that the check represented a deduction of $8,732.95 for the repair of the Kenworth truck. Centergas negotiated the check and subsequently filed suit on the open account for the balance of $8,732.95. Vaughn filed a general denial, alleged the affirmative defense of accord and satisfaction and a counter claim alleging breach of expressed and implied warranties. Trial was to the court and judgment was granted to Centergas for $8,732.95 plus attorney fees, interest, and court costs. Additionally, the trial court dismissed Vaughn's counterclaim. Findings of fact were filed by the trial court and the pertinent finding was number 6, "Defendant has failed to prove, or Plaintiff has negated, at least one element of each of Defendant's defenses and counterclaims." It is

2

this finding of fact that Vaughn attacks in its appeal. Vaughn contends that the evidence established as a matter of law the affirmative defense of accord and satisfaction.

## Standard of Review

The trial court's fact findings are reviewed for legal and factual sufficiency the same as a jury's answer to jury questions. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). Therefore, we will review the finding of fact under the legal sufficiency test. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When reviewing a legal sufficiency challenge to a finding on an issue on which appellant has the burden of proof, the reviewing court will examine the record for evidence that supports the finding, while ignoring all contrary evidence. Id. If, upon review, there is no evidence to support the finding, we will then examine the entire record to see if the contrary position is established as a matter of law. Id. If the contrary position is established conclusively, we will sustain the issue. Id.

## Analysis

Appellant's contention is that its claim for accord and satisfaction was pursuant to section 3.311 of the Texas Business and Commerce Code. TEX. BUS. & COMM. CODE ANN. § 3.311 (Vernon 2006).[1] As such, appellant has undertaken to prove that 1) the person in good faith tendered an instrument to the claimant as full satisfaction of the claim; 2) the

---

[1]References to Texas Business and Commerce Code will hereafter be by § __.

3

amount of the claim was unliquidated or subject to a bona fide dispute; and 3) the claimant obtained payment of the instrument. § 3.311(a).[2]

To review the bona fide dispute requirement, we turn to § 3.311(a)(2). There is no question that the claim of Centergas was liquidated, therefore, there must be a bona fide dispute for the affirmative defense of accord and satisfaction to apply. The next question would be, what constitutes evidence of a bona fide dispute? The dispute must be as to **the claim**. Klemp Corp. v. Thompson, 402 S.W.2d 257, 261 (Tex.App.–Waco 1966, no writ) (emphasis added). Further, a comment to § 3.311 states that the section does not apply to a liquidated amount not subject to a bona fide dispute. § 3.311 cmt. 4. In the current situation, Vaughn claimed that the fuel was defective, yet the evidence at trial indicated that Vaughn actually paid for the fuel he claimed was defective and did not dispute the quality of the fuel nor the amount of the charges for the fuel that was the subject of the suit, namely the fuel delivered after the discovery of the truck's mechanical problems. The conclusion that the claimant's claim is not the subject of a bona fide dispute is further buttressed by the following evidence adduced at trial. The mechanical failures suffered by the Kenworth truck ceased after the installation of a locking fuel tank cap on the truck. In addition, there was testimony about a Vaughn employee having a personal vendetta against another employee, the implication being that the Kenworth truck was sabotaged by the first Vaughn employee. Therefore, it appears the attempt at offset by way of accord

---

[2] In the present case, there is no dispute that the claimant, Centergas, obtained payment of the instrument. Although Centergas contests the good faith requirement, our conclusion as to the issue of whether a bona fide dispute exists pretermits any discussion of the good faith requirement.

and satisfaction was not aimed at the claimant's action but was in fact more in the nature of Vaughn's counterclaim which the trial court denied and about which Vaughn has not complained.  Accordingly, we cannot say there was no evidence to support the finding of fact of the trial court.  Therefore, we overrule Vaughn's contention.

## Conclusion

Having overruled Vaughn's sole issue, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice